UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                 PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:07-CR-151-CRS

DOMINIQUE KEMP                                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of the motion of the defendant, Dominique Kemp, for compassionate release (DN 693). He additionally moves for an order of the Court recommending that he serve twelve months in a Residential Reentry Center ("RRC") (DN 695).

Kemp is incarcerated at the Federal Medical Center ("FMC") Lexington in Lexington, Kentucky where he is serving a 216-month sentence. To date, he has served approximately 60% of the sentence.

With regard to Kemp's motion for an RRC placement recommendation, the Court has no authority on which to base an order to that effect, and so the defendant's motion (DN 695) will be denied. Designation of prisoners is solely within the purview of the Bureau of Prisons ("BOP"). Further, the BOP is best suited to evaluate the appropriate designation of the defendant, including any RRC placement.

With respect to Kemp's motion for compassionate release, we note that the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic on March 11,

2020.[1] The President of the United States declared a national emergency on March 13, 2020 and the Governor of the Commonwealth of Kentucky declared a state of emergency even earlier, after the first confirmed case of COVID-19 on March 6, 2020.[2] As of the date of this writing, there are 55,064,128 confirmed cases worldwide and 1,328,015 deaths; in the United States, there are 11,085,184 confirmed cases and 245,164 deaths.[3] Further elaboration concerning the health risks associated with COVID-19, especially for those individuals confined to nursing homes or incarcerated in our jails and prisons, is unnecessary. Suffice it to say that the Court addresses motions for compassionate release, and Kemp's motion in particular here, with the gravity of the situation in mind.

18 U.S.C. § 3582(c)(1)(A) permits a court to modify a term of imprisonment and grant what is known as "compassionate release" for extraordinary and compelling reasons. Prior to December 2018, motions for compassionate release could only be made by the Director of Prisons. However, the First Step Act, PL 115- 391, 132 Stat 5194 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to bring such motions on their own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" *See also, United States v. Alum*, No. 20-1298, 2020 WL 2845694, *2 (June 2, 2020)("For a prisoner to take his [compassionate release] claim to court, "he must 'fully exhaust[ ] all administrative rights to appeal' with the

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who- director-general-s-opening-remarks-at- the-media-briefing-on-covid-19--11-march-2020).

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel- coronavirus-disease-covid-19-outbreak/; Governor Andy Beshear confirms first case of COVID-19 in the Commonwealth and declares a state of emergency (March 6, 2020), *available at* https://chfs.ky.gov/pages/search.aspx?affiliateId=CHFS&terms=declaration of state of emergency.

[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 10, 2020).

prison or wait 30 days after his first request to the prison.").

Kemp states "it has been over 30 days since filing my request to the Warden and to day [sic] it still hasn't been answered.". *See* DN 693, p. 1. He has not, however, offered evidence that he filed any such request with the warden. We have nothing but Kemp's unsubstantiated statement that he has exhausted administrative remedies For that reason alone, Kemp's motion must be denied. However, assuming *arguendo* that Kemp did, in fact, exhaust his administrative remedies, his motion is wholly insufficient to establish grounds for compassionate release.

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The court must also consider the "[sentencing] factors set forth in section 3553(a) to the extent they are applicable." § 3582(c)(1)(A).

Congress tasked the Sentencing Commission that, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In the Commentary to U.S.S.G. § 1B1.3,[4] the Commission described four circumstances which constitute extraordinary and compelling reasons for sentence reduction:

**(A) Medical Condition of the Defendant.--**

---

[4] "While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g., United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019);*United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider."
*United States v. McGraw*, No. 202CR00018LJMCMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019).

**(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(ii)** The defendant is--

**(I)** suffering from a serious physical or medical condition,

**(II)** suffering from a serious functional or cognitive impairment, or

**(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.--**The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances.--**

**(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.

**(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

      Kemp is 39 years old. He does not claim to presently suffer from any ailments. At the time of sentencing, the presentence report revealed none. The sole grounds for his request for compassionate release are his fear of contracting COVID-19 at FMC Lexington and his desire to return to and care for family members. Neither of these grounds establish the "extraordinary and compelling" circumstances under the statute to warrant relief. *See United States v. Turhani*, 2020 WL 2847182 (N.D.Ohio June 2, 2020)(Petitioner without CDC risk factors denied

4

compassionate release despite COVID-19 outbreak in prison, holding that the existence of a pandemic does not authorize the court to usurp the BOP's authority and empty prisons.).

FMC Lexington presently reports 37 positive cases of COVID-19 among the 1,100 inmates in the institution.[5] Further, with continuing vigilance, the BOP has issued revised policies to combat the spread of the virus in its facilities. See https://www.bop.gov/. By contrast, Kentucky reported 2,124 new cases of COVID-19 today (see https://www.kycovid19.gov), and an alarming positivity rate of 9.42%, the highest in the Commonwealth since the pandemic began. (see https://www.chfs.ky.gov). Accordingly, any concern about being at a higher risk of contracting COVID-19 in FMC Lexington as compared to being released is simply not borne out by the statistics at this time.

Even when a defendant is otherwise statutorily eligible for a sentence reduction based on extraordinary and compelling reasons, which Kemp is not, compassionate release is only appropriate after consideration of the factors set forth in 18 U.S.C. §3553(a) and where the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 4142(g). Under §3553(a)(1), the nature and circumstances of Kemp's crimes weigh against release from custody.

Kemp has an extensive criminal record. He was on probation for state convictions for felony possession of cocaine, resisting arrest, and persistent felony offender at the time of the instant offense. He has a number of prior felony convictions for cocaine possession, has convictions of terroristic threatening and assault, has had numerous supervision violations in the past, and ultimately has had a number of probation revocations. Kemp's plea agreement to the federal conspiracy charge allowed him to avoid the filing of a § 851 enhancement which carried a

---

[5] *See* BOP.gov/coronavirus/- the BOP's COVID-19 Resource Page, Inmate Test Information by facility.

mandatory life sentence.

Based on the foregoing information, the Court must consider a high likelihood that this defendant would reoffend. Further, the sentencing factors were thoroughly and carefully considered in imposing sentence in this case. The nature and circumstances of the offense, the weight of the evidence, Kemp's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by his release were taken into account in reaching the imposition of a 216-month prison sentence only 60% of which has been served. The Court has been shown no ground to justify any reduction in Kemp's sentence, and the Court finds that a reduction would fail to respect the seriousness of his crimes.

Motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motions of the defendant, Dominique Kemp, for compassionate release (DN 693) and for judicial recommendation (DN 695) are **DENIED**.

**IT IS SO ORDERED.**

December 2, 2020

Charles R. Simpson III, Senior Judge
United States District Court

cc:  Counsel of Record
     Dominique Kemp, *pro se*
     Reg. No. 10522-033
     FMC Lexington
     P.O.Box 14500
     Lexington, KY  40512