# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**vs.**                                             **CRIMINAL ACTION NO. 3:07-CR-151-CRS**

**DOMINIQUE KEMP**                                                                **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on Dominique Kemp's ("Kemp") *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). DN 679. The United States filed a sealed response. DN 681. Kemp then filed a reply. DN 682. The matter is now ripe for review.

For the reasons stated herein, Kemp's motion will be denied.

## I. BACKGROUND

In 2007, Kemp was indicted on drug charges for his participation in a conspiracy to possess and distribute cocaine. DN 58 at 1-2. Two years later, Kemp agreed to plead guilty pursuant to a written Plea Agreement in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C).[1] DN 351 at 2. The Plea Agreement lists Kemp's Guideline offense level as 31. DN 351 at 5. With Kemp's listed criminal history category of V, the calculated imprisonment range was 168 to 210 months. DN 363 at 8. The Plea Agreement also provides that Kemp would receive an anove-the-Guidelines 216-month sentence, followed by five years of supervised release; and in exchange the United States agreed not to file notices under 21 U.S.C. § 851 based on Kemp's two prior felony

---

[1] In this type of plea agreement, the United States and a defendant "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." Fed. R. Crim. P. 11(c)(1)(C).

drug convictions. DN 351 at 4-5. If the United States had filed notices of intent to seek an enhanced sentence, Kemp would have faced a mandatory minimum sentence of life in prison. DN 351 at 5.

Kemp entered his guilty plea in January 2009. DN 352 at 1. The Court accepted his plea and scheduled a date for sentencing. DN 352 at 2.

At the outset of the sentencing hearing, the Court noted the offense level listed in Kemp's presentence report and stated that the parties had reached an agreement, which recommended a specific sentence. DN 548 at 4. The Court accepted the Plea Agreement and sentenced Kemp to 216 months in prison upon consideration of "the presentence report, the plea agreement, [] the advisory sentencing guidelines, and the provisions of section 3553(a)." DN 548 at 6. In justifying the sentence imposed, the Court stated:

> [W]e have considered the § 3553(a) factors [and] the advisory guidelines. They produce an offense level of 31 and a criminal history category of V, which produce an advisory guidelines range of 168 to 210 months custody, fines of 15,000 to $4 million, and five years of supervised release. There is the notion here that the defendant -- that the government had the ability to file 851's regarding certain priors, which would have subjected the defendant to a much more significant sentence had they been filed. So the plea agreement reached a compromise in respect to that by agreeing to a fixed subsection (C) sentence of 216 months custody. And the court reviewed the presentence report and accepted the plea agreement and has sentenced in accordance with it. And that sentence of 216 months, followed by five years of supervised release, is slightly above the maximum advisory guideline range but is certainly far less than the life sentence to which the defendant would have been exposed had the 851's been filed. So we'll find that that is a sufficient sentence which is not greater than necessary to comply with the 3553(a)(2) factors, statutory provisions are satisfied, and the plea agreement has been respected.

DN 548 at 7-8. Kemp did not appeal his sentence.

In 2015, the Court requested that the United States Probation Office for the Western District of Kentucky prepare a Memorandum of Recalculation ("MOR") addressing Kemp's

eligibility for a sentence modification based on Amendment 782 to the Guidelines.[2] DN 782. The MOR concluded that Kemp qualified for a sentence reduction and recommended an amended offense level calculation of 29. DN at 647 at 2. With Kemp's listed criminal history category of V, the applicable Guideline range became 140 to 175 months. DN 647 at 2.

The United States subsequently filed a sealed objection to the MOR. DN 649. The United States contended that "Kemp [was] not eligible for sentence reduction under 18 U.S.C. § 3552(c) because his 216-month sentence was the result of a Plea Agreement" rather than "a drug sentencing guideline that [was] amended by the Sentencing Commission." DN 649 at 1, 658 at 2. Kemp responded to the United States' objection by noting his agreement with the MOR's recalculation. DN 656 at 1. He argued that that the Court should go forward with its proposal to reduce his sentence because it was "based on the guidelines range of 168 to 210 months." DN 656 at 3-5.

Upon review, the Court determined that Kemp was not eligible for a reduction because "the Plea Agreement did not expressly use a guideline sentencing range to establish [his] term of imprisonment." DN 658 at 2. Kemp appealed, but the Sixth Circuit affirmed the Court's order. DN 660, 661. The Sixth Circuit similarly found that Kemp was not eligible because the "Rule 11(c)(1)(C) plea agreement did not employ a guidelines range to establish the term of imprisonment." DN 661 at 4.

Kemp now moves for a sentence reduction considering the United States Supreme Court's decision in *Hughes v. United States,* 138 S. Ct. 1765, 201 L. Ed. 2d 72 (2018).[3]

---

[2] Amendment 782 revised the Guidelines applicable to drug-trafficking offenses by retroactively reducing the offense levels assigned to certain drug and chemical quantities described in Guidelines 2D1.1 and 2D1.11. *See United States v. Burton*, No. 06-20465, 2018 WL 1930100, at *1 (E.D. Mich. Apr. 24, 2018).

[3] It is unclear whether Kemp's motion is barred on procedural grounds considering this is his second motion for a sentence reduction based on Amendment 782. DN 652. There is a split of authority regarding whether a defendant may have a second bite at the apple to request a sentence modification under the same retroactive amendment. *See e.g., United States v. Beard,* 745 F.3d 288, 292 (7th Cir. 2014); *but see United States v. Trujillo*, 713 F.3d 1003, 1007 (9th Cir. 2013). Nevertheless, because *Hughes* altered the analysis courts use to determine whether a defendant is eligible for a sentence reduction under § 3582(c)(2), we will proceed to consider Kemp's pending motion.

3

## II. STANDARD OF REVIEW

The Sentencing Reform Act of 1984 requires the Sentencing Commission to periodically review and revise the Sentencing Guidelines. 28 U.S.C. § 994(o). Amendment 782 to the Guidelines, which became effective in 2014, modified the Guidelines range applicable to drug-trafficking offenses by reducing the offense levels assigned to certain drug quantities by two offense levels.

"When the Commission amends the Guidelines in a way that reduces the Guidelines range for 'a particular offense or category of offenses,' the Commission must 'specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.'" *Hughes*, 138 S. Ct. at 1773 (citing 28 U.S.C. § 994(u)). This procedure ultimately requires the Commission to determine whether amendments should have retroactive effect.

If an amendment applies retroactively, the Sentencing Reform Act permits district courts "to reduce the sentences of prisoners who were sentenced based on a Guidelines range that would have been lower had the amendment been in place when they were sentenced." 18 U.S.C. § 3582(c)(2). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A motion pursuant to § 3582(c)(2) thus require a two-step inquiry. First, a court must consider whether a defendant is eligible for a reduction. *See Hughes*, 138 S. Ct. at 1775-76; *Koons*

*v. United States*, 138 S. Ct. 1783, 1788-89 (2018). If a court answers the first inquiry in the affirmative, then it must evaluate whether a sentence reduction is warranted in the context of the Commission's relevant policy statements and factors listed in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2).

### III. ANALYSIS

Kemp contends that the Court's previous ruling regarding his eligibility for a sentence reduction should be revisited based on *Hughes*. DN 679 at 3.

#### A. Eligibility for a Sentence Reduction Post-*Hughes*

The United States Supreme Court granted certiorari in *Hughes* to address differences that developed among the Circuits over the controlling principles in *Freeman v. United States*, 564 U.S. 522 (2011), and the interpretation of 18 U.S.C. § 3582(c)(2).[4] Specifically, the Court considered whether a defendant may seek a reduction under § 3582(c)(2) if he entered a plea agreement specifying a certain sentence under Rule 11(c)(1)(C). *Hughes*, 138 S. Ct. at 1773.

A defendant that pleads guilty pursuant to a plea agreement in accordance with Rule 11(c)(1)(C) that specifies a particular sentence qualifies for a sentence reduction under § 3582(c)(2) if a court determines that the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id*. at 1775. *Hughes* clarified

---

[4] Prior to the Court's opinion in *Hughes*, the Sixth Circuit followed Justice Sotomayor's concurrence in *Freeman* because it was the narrowest grounds for the decision. Under this rationale, the Sixth Circuit held that a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement is only eligible for a sentence reduction under § 3582(c)(2) if the agreement itself "expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission." *Freeman,* 131 S. Ct. at 2698 (Sotomayor, J., concurring); *see also United States v. Riley*, 726 F.3d 756, 760 (6th Cir. 2013). This rationale disqualified defendants from seeking a sentence reduction unless their plea agreement indicated the parties' intent to base the term of imprisonment on a Guidelines range. *See Freeman,* 131 S. Ct. at 2698 (Sotomayor, J., concurring). Following *Hughes*, however, the Sixth Circuit stated that "a sentence imposed under a Rule 11(c)(1)(C) agreement can be based on the relevant Guidelines range as long as that range was part of the framework that the trial court relied on in accepting the agreement." *United States v. Castenada*, No. 17-6368, 2018 WL 6131849, at *1 (6th Cir. Aug. 21, 2018); *see also United States v. Williams,* No. 17-6409, 2018 WL 6314621, at *1 (6th Cir. Aug. 21, 2018). Thus, the Sixth Circuit now permits challenges if the district court considered a defendant's Guidelines range more generally in the framework it used to accept the parties' plea agreement and impose the defendant's sentence.

5

that "[a] district court imposes a sentence that is 'based on' a Guidelines range if the range was a basis for the court's exercise of discretion in imposing a sentence." *Id*. at 1775.

Typically, "there will be no question that the defendant's Guideline range was a basis for his sentence [because] the Sentencing Reform Act requires a district court to calculate and consider a defendant's Guidelines range in every case." *Id*. "A sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is no exception to the general rule that a defendant's Guideline range is both the starting point and a basis for his ultimate sentence." *Id.* at 1776; *see also* U.S.S.G. § 6B1.2(c) (permitting courts to accept a plea agreement that includes a specific sentence "if the court is satisfied that the agreed sentence is within the applicable guideline range or the agreed sentence is outside the applicable guideline range for justifiable reasons . . ."). As such, a district court's acceptance of a Rule 11(c)(1)(C) plea agreement and the sentence imposed pursuant to that agreement are generally "based on" the Guidelines.

Although it is beyond dispute that courts calculate a defendant's Guidelines range in every sentencing and that many courts use this range as the cornerstone of their sentencing decision, "it does not follow that any sentence subsequently imposed must be regarded as 'based on' a Guidelines range." *Koons*, 138 S. Ct. 1783, 1789 (2018). The range may not play "a relevant part in the framework the sentencing judge used in imposing the sentence" because, after all, the Guidelines are only advisory and must be considered in every case. *Id.* at 1788; *see also United States v. Herrera-Zuniga*, 571 F.3d 568, 581 (6th Cir. 2009) (citing *United States v. Booker*, 543 U.S. 220, 245 (2005)) ("the sentencing Guidelines are 'advisory' only, and thus a district court is no longer bound by the sentencing range prescribed thereunder").

For example, in *Koons*, the United States Supreme Court considered whether five defendants were eligible for sentence reductions under § 3582(c)(2) based on the district court's

6

calculation of their advisory Guideline ranges prior to the court's decision to disregard the defendants respective ranges in favor of the mandatory minimum. *Koons*, 138 S. Ct. at 1787-88. The Court held that the defendants' sentences were not "based on" subsequently lowered Guidelines ranges "because the District Court did not consider those ranges in imposing its ultimate sentences." *Id*. at 1788. The Court further explained that if "the ranges play no relevant part in the in the judge's determination of the defendant's ultimate sentence [then] the resulting sentence is not 'based on' a Guidelines range." *Id.* Thus, the "role the range played in the initial calculation" proved insignificant. *Id.* at 1789.

Even though cases like *Koons* are exceptions to the general rule that, in most cases, a defendant's sentence is "based on" his or her Guidelines range, they demonstrate that when a defendant's Guideline range was not "a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement," a defendant is not eligible for relief under § 3582(c)(2). *Freeman v. United States*, 564 U.S. 522, 530, (2011), holding modified by *Hughes*, 138 S. Ct. 1765 (2018); *see also United States v. Griffin,* No. CR SAG-10-0245, 2020 WL 4016240, at *2 (D. Md. July 16, 2020) (defendant's Guideline range was not the basis for the framework the sentencing judge imposed when she departed drastically from the guideline range in order to accept the parties' plea agreement); *United States v. Rivera-Cruz*, 904 F.3d 324, 328 (3d Cir. 2018) (defendant's sentence was not based on a Guidelines range even though the court performed an initial Guideline range calculation and referenced its Guidelines calculation when explaining the number of offense levels by which to depart downward from the statutory maximum); *United States v. McCarns*, 900 F.3d 1141, 1147 (9th Cir. 2018) (defendant's sentence was not based on the calculated Guidelines range considering the district court's application of the statutory maximum and statement during sentencing that the Guidelines "did not inform its

7

thinking in any way whatsoever"). Thus, "what matters [] is the role that the Guidelines range played in the selection of the sentence eventually imposed—not the role that the range played in the initial calculation." *Koons*, 138 S. Ct. at 1789.

Here, Kemp is ineligible for a sentence reduction because his Guideline range was not a basis the Court used to determine his sentence or approve the Plea Agreement. The Court's language during Kemp's sentencing hearing is particularly instructive. The Court began the sentencing by reiterating the presentence report's Guidelines calculation. DN 548 at 4. The Court subsequently calculated Kemp's Guideline range and considered that range in compliance with the Sentencing Reform Act. DN 548 at 7. Following the imposition of Kemp's sentence, the Court justified the term of incarceration as "sufficient" because it "was not greater than necessary to comply with 3553(a)" and represented the compromise reached by the parties—Kemp agreed to a fixed sentence of 216 months custody in exchange for the United States agreement not to file notices under § 851, which would have subjected him to a mandatory minimum life sentence. DN 548 at 8.

Unlike the defendant in *Hughes*, the Guideline range did not play a relevant part in the Court's determination of Kemp's ultimate sentence. Although Kemp was sentenced in accordance with a Rule 11(c)(1)(c) plea agreement that lists his Guidelines offense level, the Court did not apply Kemp's Guideline range as part of the analytical framework it used to determine his sentence or approve the Plea Agreement. The Court did not conclude that Kemp's sentence "was consistent with the Sentencing Guidelines" or "compatible with the Guidelines." *Hughes*, 138 S. Ct at 1778. Similarly, the Court did not utilize Kemp's sentencing range as the beginning point in explaining or justifying its decision to impose a 216-month sentence. Thus, the Court merely relied upon the

Guidelines as a statutorily required starting point rather than the foundation for Kemp's 216-month sentence. DN 548 at 7-8.

Moreover, a review of the record provides no indication that the Court would have sentenced Kemp to fewer than 216 months in prison if he had been subject to a lower Guidelines range. The transcript of Kemp's sentencing evidences that the Court imposed a 216-month sentence after concluding that it complied with "the 3553(a)(2) factors" and satisfied "statutory provisions" because it was the "fixed subsection (C) sentence" the parties negotiated. DN 548 at 8. The Court also acknowledged that had the United States filed a sentencing enhancement notice for Kemp's two prior drug convictions, Kemp would have been subjected to a mandatory life sentence. DN 548 at 4-5, 8. Further, Kemp's motion and reply fail to identify any evidence in the record that demonstrates the Guidelines were used by the Court as a basis for his sentence or that the Court's Guidelines calculation was more than a mere staring point in issuing his sentence. *See United States v. Tenhet,* No. 6:12-CR-65-REW-HAI, 2020 WL 133689, at *1 (E.D. Ky. Jan. 13, 2020) (defendant's sentence was not based on a reduced Guidelines range because the defendant failed to introduce evidence suggesting that the Guideline range played a relevant part in the judge's sentencing decision and the record suggests the sentencing judge would have imposed the same sentence regardless of the Guidelines).

Accordingly, Kemp fails to surmount the *Hughes* hurdle and is not eligible for a sentence reduction pursuant to § 3582(c)(2). The Guidelines did not form part of the analytical framework the Court used to determine Kemp's sentence or approve the Plea Agreement. Instead, the record indicates that the Guidelines played a mere statutorily required role. If the Court were to hold that Kemp is eligible for a sentence reduction merely because it calculated and considered his Guidelines range as required under the Sentencing Reform Act, it would automatically qualify

9

each defendant that is sentenced in accordance with a Rule 11(c)(1)(C) plea agreement for a sentence reduction following a retroactive Guideline amendment.

It should be noted, however, that the language in *Hughes* is less than crystal clear in terms of its applicability to plea agreements of this type and situations in which the sentencing judge does not state that the sentence imposed is "consistent with the Sentencing Guidelines" or "compatible with the Sentencing Guideline." *Hughes*, 138 S. Ct. at 1778. As such, we will proceed to consider whether the Court should exercise its discretion to reduce Kemp's sentence if he were in fact eligible.

### B. 18 U.S.C. § 3553(a) Factors and Policy Considerations

If a defendant is eligible for a sentence reduction, a court must consider the Sentencing Commission's relevant policy statements and factors listed in 18 U.S.C. § 3553(a) before granting a reduction. *See* § 3582(c)(2); *see also United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) (citing U.S.S.G. § 1B1.10 cmt. n. 1(B)) ("When determining whether a defendant should receive a sentence reduction, the district court must ('shall') consider both the 18 U.S.C. § 3553(a) factors and 'the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, and 'may consider post-sentencing conduct of the defendant.'"). A court may also "consider the benefits the defendant gained by entering a Type–C agreement." *Hughes*, 138 S. Ct. at 1777.

First, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) ("a defendant is eligible for a sentence reduction if . . . such reduction is consistent with applicable policy statements issued by the Sentencing Commission"). "[T]o satisfy [this] requirement, 'a guidelines amendment must have had the effect of lowering the defendant's

10

applicable guideline range.'" *Id*. (citing *United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010)).

Section 1B1.10 of the Sentencing Guidelines includes the Commission's policy statement regarding sentence reductions for amended Guidelines ranges and includes Amendment 782 as one of the amendments "covered by this policy statement." U.S.S.G. § 1B1.10(d). Amendment 782 revised the Guidelines range applicable to drug-trafficking offenses by reducing the offense levels assigned to certain drug quantities by two offense levels. *United States v. Taylor,* No. 313CR145TAVHBG2, 2019 WL 722574, at *2 (E.D. Tenn. Feb. 20, 2019). By including this Amendment in § 1B1.10, the Guidelines state that a court "may reduce [a] defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a).

Kemp pled guilty to drug charges involving nineteen kilograms of cocaine. DN 351 at 5. His Plea Agreement and presentence report list his Guidelines offense level as 31. DN 351 at 5, 363 at 8. Assuming, arguendo, that Kemp is eligible for a reduction, his sentence would be subject to reduction in accordance with the Commission's policy statement because he then would have been sentenced based on a Guideline range that has subsequently been lowered by the Commission.[5]

Next, the Court must consider the factors listed in 18 U.S.C. § 3553(a) to determine whether a reduced sentence would be appropriate, and to what extent a defendant's sentence may be reduced. *See Dillon v. United States*, 560 U.S. 817, 827 (2010) ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is

---

[5] The United States raises questions about whether Kemp's initial Guidelines range was accurate. DN 681 at 3-4. We do not find this argument to be germane to this opinion as we have determined that Kemp is neither eligible for a reduction nor would a reduction be otherwise appropriate given 18 U.S.C. § 3553(a).

warranted in whole or in part under the particular circumstances of the case"). In evaluating § 3553(a), a court "must make an individualized assessment based on the facts presented" and "adequately explain the chosen sentence . . . to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).

In the context of the instant motion, the Court reviewed the nature and circumstances of Kemp's offense, along with his history and characteristics. 18 U.S.C. § 3553(a). The Court also assessed the need for the sentence imposed to reflect the seriousness of Kemp's offense, promote respect for the law, provide a just punishment for his offense, afford adequate deterrence, and to provide him with needed education and training, medical care, or other correctional treatment. *Id.* Further, the Court considered the danger to the public as the result of any reduction in Kemp's sentence, the seriousness of his offenses, and the need to protect the public. *Id.* And the Court reviewed the kinds of sentences available, the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *Id.*

The Court concludes that a sentence reduction in this case is not appropriate. Kemp has an extensive criminal record. He was on probation for state convictions for felony possession of cocaine, resisting arrest, and persistent felony offender at the time of the instant offense. DN 647 at 14-15. As noted above, his offense of conviction here would have subjected him to a mandatory life sentence if the United States had filed enhancements under 18 U.S.C. § 851 based on his prior felony convictions for cocaine possession. DN 351 at 4-5, 548 at 8. In addition to his drug convictions, Kemp has been convicted of terroristic threatening and assault, resisting arrest, numerous supervision violations, and has had quite a few probation revocations. DN 647 at 12-15.

Kemp has completed numerous educational courses since his incarceration began and, as of 2015, has been sanctioned for prison violations on "only" three occasions. However, his

educational efforts and conduct in prison are not considerations that sufficiently offset his criminal history and repeated disregard for the law. DN 647 at 3, 679-1 at 1. Thus, Kemp's 216-month sentence continues to reflect a reasonable term of incarceration that promotes respect for the law based on the instant offense, his criminal history, deterrence, and danger to the public.

Accordingly, the Court declines to reduce Kemp's sentence.

### IV. CONCLUSION

For the reasons discussed herein, Kemp's motion for a sentence reduction will be denied by separate order.

February 3, 2021

Charles R. Simpson III, Senior Judge
United States District Court

cc: Counsel of Record
    Defendant, pro se